# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ESPIRION MENDOZA, Individually and on Behalf of All Others Similarly Situated, <br><br> v. <br><br> GUARD 1 SERVICES, LLC, | CASE NO: 4:17-cv-2836 <br> COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Espirion Mendoza brings this lawsuit to recover unpaid minimum wages, overtime wages, and other damages from Guard 1 Services, LLC under the Fair Labor Standards Act ("FLSA").

2. Mendoza and the other workers like him regularly worked for Guard 1 Services, LLC in excess of 40 hours each week and were paid by the hour.

3. But these workers did not receive even minimum wage for their work or overtime pay for all hours worked in excess of 40 hours in a single workweek.

4. This class and collective action seeks to recover the unpaid minimum wages, overtime wages, and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

7. Guard 1 is headquartered in this District and Division.

### THE PARTIES

8. Mendoza worked for Guard 1 as a Gate Guard from approximately September 2014

until February 2016.

9. Throughout his employment with Guard 1, Mendoza was paid $7.25 per hour for the first 40 hours worked in a workweek and $10.88 per hour for some, but not all, the overtime hours he worked.

10. Mendoza's consent to be a party plaintiff is attached as Exhibit A.

11. Mendoza brings this action on behalf of himself and all other similarly situated workers who were employed as Gate Guards. Guard 1 paid each of these workers by the hour and failed to pay minimum wage and all overtime hours they worked at one and one-half times their proper regular rates.

12. The class of similarly situated employees or potential class members sought to be certified is defined as:

> **Current and former Gate Guards employed by Guard 1 during the past three years who were paid by the hour.**

13. Guard 1 is a Texas corporation. Guard 1 may be served by serving its registered agent for service of process: Capitol Corporate Services, Inc., 206 E 9th St., Ste. 1300, Austin, Texas 78701.

## COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, Guard 1 has employed Mendoza and the Putative Class within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Guard 1 has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Guard 1 has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as tools, cell phones, electronic devices, and personal protective

equipment—that have been moved in or produced for commerce by any person and in that Guard 1 has had an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Mendoza and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

18. Guard 1 is an energy services company providing security personnel to control access to oilfield locations and to maintain electronic records of access to these sites.

19. Gate Guards like Mendoza were paid by the hour by Guard 1, and make up the proposed Putative Class.

20. Guard 1 paid these workers minimum wage for the first 40 hours and time and one-half for some overtime hours, but not all the overtime hours they worked.

21. When Mendoza's weekly pay is divided by the hours he worked, he was paid less than minimum wage.

22. Gate Guards work shifts lasting longer than 24 hours. They typically work seven days per week when they are assigned to a location.

23. When a vehicle approaches the gate, Gate Guards are notified by an alarm.

24. Gate Guards process the people and vehicles entering and leaving the site, recording identities and information about them.

25. People and vehicles come and go around the clock.

26. Guard 1 keeps records of each entry and exit.

27. Gate Guards often work extended periods without sleep breaks. They regularly work up to 168 hours per week.

28. Guard 1, however, only pays Gate Guards for about 75 hours per week.

29.     Guard 1 knows, our should have known, the Gate Guards work many more overtime hours than it pays and that they receive less than minimum wage because of the gate entry and exit records.

30.     All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

31.     The Putative Class Members also worked similar hours and were denied minimum wage and overtime as a result of the same illegal pay practice.

32.     Because Mendoza (and the Putative Class Members) were not paid for all hours worked, they should receive at least minimum wage for the first 40 hours worked and overtime and one and one-half their proper regular rates for all hours that they worked in excess of 40 hours in each workweek.

33.     Guard 1's policy of failing to pay for all hour hours worked violates the minimum wage required by the FLSA because the total weekly compensation, divided by hours worked, results in a wage of less of than $7.25 per hour.

34.     Guard 1's policy of failing to pay for all hours worked violates the FLSA's overtime requirements because Mendoza and those similarly situated did not receive the overtime pay due for all hours worked over 40 hours each week.

### FLSA VIOLATIONS

35.     As set forth herein, Guard 1 has violated, and is violating, section 6 of the FLSA, 29 U.S.C. § 206, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and failing to pay them the federal minimum wage of $7.25 per hour.

36.     As set forth herein, Guard 1 has violated, and is violating, section 7 of the FLSA, 29

U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times their proper regular rates.

37. Guard 1 knowingly, willfully, or in reckless disregard, carried out this illegal pattern or practice of failing to pay the Putative Class Members minimum wage and overtime compensation. Guard 1's failure to pay minimum wage and overtime compensation to these employees was neither reasonable, nor was the decision not to pay minimum wage and overtime made in good faith.

38. Accordingly, Mendoza and all those who are similarly situated are entitled to unpaid minimum wages, overtime wages under the FLSA in an amount equal to 1.5 times their proper regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

39. Mendoza incorporates all previous paragraphs and alleges that the illegal pay practices Guard 1 imposed on Mendoza were likewise imposed on the Putative Class Members.

40. Guard 1 employs hundreds of Gate Guards that performed similar job duties to Mendoza, worked similar hours, and were also subject to Gate Guard's policy of failing to pay minimum wage and failing to pay overtime for all overtime hours worked.

41. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

42. Based on his experiences and tenure with Guard 1, Mendoza is aware that Guard 1's illegal practices were imposed on the Putative Class Members.

43. Guard 1's failure to pay minimum wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

## JURY DEMAND

44. Mendoza demands a trial by jury.

## RELIEF SOUGHT

45. WHEREFORE, Mendoza prays for judgment against Guard 1 as follows:

46. For an order allowing this action to proceed as a collective action and directing notice to the class members;

> (a) For an order pursuant to section 16(b) of the FLSA finding Guard 1 liable for unpaid minimum wages, overtime wages, and liquidated damages equal to the unpaid minimum and overtime wages due to Mendoza and the class members;
>
> (b) For an order awarding Mendoza and the class members the costs of this action;
>
> (c) For an order awarding Mendoza and the class members their attorneys' fees;
>
> (d) For an order awarding Mendoza and the class members pre- and post-judgment interest at the highest rates allowed by law; and
>
> (e) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: /s/ David I. Moulton
_____
David I. Moulton
Texas Bar No. 24051093
S.D. Tex. ID No. 608063
Matthew S. Parmet
Texas Bar No. 24069719
S.D. Tex. ID No. 1076547
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com
mparmet@brucknerburch.com

**Attorneys for Plaintiff**